**Ronnie Dale TRAYLOR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–94–286 CR.**

Court of Appeals of Texas, Beaumont.

Submitted Jan. 6, 1995.

Decided Feb. 8, 1995.

Rehearing Overruled March 9, 1995.

Jerry Holmes, Nederland, for appellant.

Tom Maness, Dist. Atty., John R. Dewitt, Asst. Dist. Atty., Beaumont, for State.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

WALKER, Chief Justice.

Appellant pleaded guilty to the felony offense of Delivery of a Controlled Substance. The trial court agreed to follow the negotiated plea bargain between appellant and the State and sentenced appellant to confinement in the Institutional Division of the Texas Department of Criminal Justice for a period of twenty (20) years. The trial court granted appellant permission to prosecute the instant appeal. *See* TEX.CODE CRIM.PROC.ANN. art. 26.13(a)(3) (Vernon 1989). Appellant's single point of error is stated as follows: "The trial court erred in failing to grant defendant's motion to dismiss for violation of defendant's right to a speedy trial."

The record before us reflects the following pertinent events and the dates upon which said events occurred:

Offense date—July 2, 1991

Indictment date—April 30, 1992

Arrest date—February 2, 1993

Speedy trial hearing—August 17, 1994 [1]

The scope of appellant's complaint is characterized by the following quote taken from appellant's brief:

It is critical to note in the present case that the only complaint by Defendant of the violation of his right to a speedy trial concerns the delay from the date that the State alleges he committed an offense until the date the State gave him notice of their allegations. There is no issue of unreasonable delay from the date of notice (arrest) and trial. [record reference omitted] The

1. The record also reflects that a prior speedy trial hearing may have taken place on June 24, 1993. The trial court's handwritten note appearing on the last page of appellant's written motion states: "Hearing held, motion withdrawn. Case reset." We have no statement of facts of any hearing held on June 24, 1993.

length of delay in issue is approximately NINETEEN MONTHS.

At the outset, we note that appellant's attempt to include any pre-indictment delay with post-indictment delay is misplaced under the two authorities he relies on in his brief. Pre-accusational delay does not trigger either federal or state constitutional speedy trial protections but does trigger federal or state due process protections. *United States v. Lovasco*, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977); *Spence v. State*, 758 S.W.2d 597, 598, n. 1 (Tex.Crim.App. 1988). In the instant case, the only authority provided in appellant's brief is *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); and *Phillips v. State*, 650 S.W.2d 396 (Tex.Crim.App.1983). Both cases turn on the right to a speedy trial as guaranteed by the Sixth Amendment to the United States Constitution. Appellant does not recognize or discuss the applicability of the due process clause contained in the Fifth Amendment to the United States Constitution. Therefore, any delay regarding the period of time prior to indictment has been waived for appellate review purposes. TEX. R.APP.P. 74(f). For purposes of the instant appeal, we will confine any discussion of delay to the roughly nine-month period beginning on April 30, 1992 (indictment date) and ending on appellant's chosen cut-off date, that of February 2, 1993 (arrest date).

In *Barker v. Wingo*, the Supreme Court held that a balancing test must be used in determining whether an accused has been denied his federal constitutional speedy trial right. The factors to be weighed in the balance include, but are not limited to, the length of the delay, the reason for the delay, the defendant's assertion of the right, and the prejudice to the defendant resulting from the delay. *Id.* at 530, 92 S.Ct. at 2192, 33 L.Ed.2d at 117. *Barker* was modified with respect to the prejudice factor by *Doggett v. United States*, 505 U.S. ——, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992), which provided that, under certain fact situations, the State's egregious persistence in failing to prosecute the defendant was sufficient to warrant relief even without a showing of actual prejudice. As noted in *Doggett, Barker* provides:

Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance. Nevertheless, because of the imprecision of the right to speedy trial, the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case.

*Barker*, 407 U.S. at 530–531, 92 S.Ct. at 2192, 33 L.Ed.2d at 117.

Appellant was either incarcerated in the Jefferson County Jail, in the Texas penitentiary, or on parole during the period between indictment and the date appellant was given notice of the charge. Based upon the record before us in the instant case, we are prepared to assume arguendo that the approximately nine-month delay at issue is presumptively prejudicial to appellant. At most, however, the evidence reflects "official negligence" rather than "bad-faith delay" on the part of the State with regard to the nine-month delay. *See Doggett*, 505 U.S. at ——, 112 S.Ct. at 2693, 120 L.Ed.2d at 531. The crux of appellant's argument can be summarized by the following taken from his brief:

The Defense has clearly taken the position that the prejudice done to Defendant had irreparably occurred prior to the date of first notice to Defendant, prior to February 22, 1993 (sic); How (sic) speedily trial could be had after 'notice' was of no concern to Defendant because the damage caused by delay would forever bar his ability to prepare his defense. [record references omitted] At the time that Defendant first learned of the specifics of the allegation against him, he had no memory to assist him in reconstructing his whereabouts some NINETEEN MONTHS previous.

\*   \*   \*   \*   \*   \*

The Defendant testified that, at the time he was first 'noticed' of the accusation against him, he could not remember where he had been or who he might have been with on the date of the alleged offense. He testified that too much time had passed, and that the only dates he had in his memory of the relevant time frame concerning his attending court to be sentenced to prison.

\*   \*   \*   \*   \*   \*

**450**

Mr. Ramon Rodriguez, prosecutor for the State, most articulately described Defendant's dilemma as follows, "how can you prove that you have forgotten if you didn't know that you had to remember?". (sic) Time, per se, can destroy memory; and without memory there can be no chance to defend.

*Barker* and *Doggett* recognize that "impairment of one's defense is the most difficult form of speedy trial prejudice to prove because time's erosion of exculpatory evidence and testimony 'can rarely be shown.'" *Doggett*, 505 U.S. at ——, 112 S.Ct. at 2693, 120 L.Ed.2d at 530–531; *Barker*, 407 U.S. at 532, 92 S.Ct. at 2193, 33 L.Ed.2d at 118. *Doggett* further recognizes that when proof of "specific" prejudice is absent, "presumptive" prejudice may, in proper combination with the other *Barker* factors, carry a defendant's Sixth Amendment claim. *Doggett*, 505 U.S. at ——, 112 S.Ct. at 2693, 120 L.Ed.2d at 531. However, *Doggett* also points out the following:

> [S]uch is the nature of the prejudice presumed that the weight we assign to official negligence compounds over time as the presumption of evidentiary prejudice grows. Thus, our toleration of such negligence varies inversely with its protractedness, [citation omitted], and its consequent threat to the fairness of the accused's trial.

\* \* \* \* \* \*

To be sure, to warrant granting relief, negligence unaccompanied by particularized trial prejudice must have lasted longer than negligence demonstrably causing such prejudice.... The lag between Doggett's indictment and arrest was 8½ years, and he would have faced trial 6 years earlier than he did but for the Government's inexcusable oversights.... When the Government's negligence thus causes delay six times as long as that generally sufficient to trigger judicial review, see n. 1, supra, and when the presumption of prejudice, albeit unspecified, is neither extenuated, [footnote omitted] as by the defendant's acquiescence, [citation omitted], nor persuasively rebutted, [footnote omitted] the defendant is entitled to relief.

*Id.* at ——, 112 S.Ct. at 2693–94, 120 L.Ed.2d at 532.

Footnote one, referred to in the above quoted portion of *Doggett*, states: "Depending on the nature of the charges, the lower courts have generally found postaccusation delay 'presumptively prejudicial' at least as it approaches one year." Applying the rationale quoted above from *Doggett* to the facts and circumstances in the instant case, we see that, like the situation in *Doggett*, we have negligence on the part of the State in failing to speedily prosecute appellant, and we have unparticularized trial prejudice. What we do not have is a delay "six times as long as that generally sufficient to trigger judicial review," said delay recognized in case law as being about one year. Recall that the delay proven in the instant case was slightly over nine months in length. Furthermore, the transcript reflects that almost five months passed from the time of appellant's arrest on February 2, 1993, until he filed the first of his speedy trial motions on June 22, 1993. Said motion was granted and then later withdrawn by appellant. On July 7, 1993, appellant filed his present motion for speedy trial. It appears that appellant's assertion of his right to a speedy trial was somewhat lax.

To sum up the *Barker* factors present before us, while we do have prosecutorial negligence involved, we also have a somewhat less than aggressive assertion of speedy trial by appellant, a comparatively short delay period of just over nine months [*Doggett* involved 8½ years and *Barker* involved 5 years], and unparticularized trial prejudice involving what can only be characterized as loss of *possible* memory and loss of *possible* witnesses favorable to appellant's defense. Our reading of both *Doggett* and *Barker* leads us to no other conclusion than that the trial court did not err in denying appellant's motion to dismiss for speedy trial violation. Point of error one is overruled. The judgment and sentence of the trial court are affirmed.

AFFIRMED.