**The STATE of Texas, Appellant,**

v.

**Elizabeth TELLEZ, Appellee.**

**No. 13–97–624–CR.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 20, 1998.

Rene Guerra, Dist. & County Atty., Cheryl Hole, Asst. Dist. Atty., Edinburg, for appellant.

David Garcia, Law Offices of David Garcia, Edinburg, for appellee.

**OPINION**

CHAVEZ, Justice.

This is an appeal by the State from the dismissal of its case against Elizabeth Tellez for the misdemeanor offense of theft in an amount less than $200.[1]

On January 25, 1989, Tellez was charged with theft of less than $200. The docket sheet on record indicates that arraignment was set for February 28, 1989. The entry for the date February 28 is rubber-stamped text indicating that the defendant was arraigned and pleaded guilty; but there are three lines marked though this text, and the blanks to be filled in for fines imposed were left blank. The entry for March 1, 1989 suggests a pre-trial conference may have been slated for March 15, 1989, but there is no record of activity for that date on the docket sheet. For the date March 4, 1992, there is an indication of "Cash Bond Co–Defendant—Blanca Sanchez 5/20/92 @ 9:30 AM." Nothing further occurred in this case until June 11, 1997, when the Hidalgo County Court at Law No. One *sua sponte* signed an "Order for State to Show Cause," ordering

---

1. *See* Tex.Code Crim. Proc. Ann. art. 44.01(a)(1) (Vernon Supp.1998) (authorizing appeal by State from dismissal of an information).

the State to appear at a hearing on July 9, 1997, to show cause why the case should not be dismissed for want of prosecution. Identical "show cause" orders were filed in over 200 other misdemeanor cases that had been filed generally between 1988 and 1992.

At the July 9, 1997 show cause hearing, the trial court proceeded to call each case one-by-one to determine its status. Numerous cases were dismissed with the consent of the State, others were retained on the court's docket, while over sixty cases, including this one, were dismissed and have now been appealed to this Court. In none of the cases appealed did the defendant file a written motion or request to dismiss. In the present case, the official court reporter for County Court at Law No. One submitted an affidavit which states that she was unable to locate a record from the July 9, 1997 hearing despite a diligent effort. Therefore, we are unaware of the events that took place at the hearing in reference to this particular case. Nevertheless, the trial court entered a written "Order to Dismiss for Violation of Speedy Trial Rights."

The State presents four issues contending the trial court erred (1) by dismissing a prosecution without the consent of the State, (2) by dismissing the case without evidence of a speedy trial violation, (3) by not requiring the presence of the defendant at the pretrial hearing, and (4) by issuing an order of dismissal which does not conform with the procedural facts of the case. .We reverse and remand.

■ By its second issue, the State argues that the trial court erred in granting dismissal of the case based upon a violation of speedy trial rights.

■ Criminal defendants are entitled to a speedy trial under both federal and state constitutions. See U.S. CONST. amend. VI; TEX. CONST. art. I, § 10. The following factors, as announced by the United States Supreme Court, must be weighed by a reviewing court to determine whether the defendant's constitutional right to a speedy trial has been violated: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his speedy trial right, and (4) prejudice to the defendant from the delay. *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Moreover, although the constitutional speedy trial rights of Texas and the United States are independent, Texas courts look to the federal courts in determining state constitutional rights and use the *Barker* test to determine whether a defendant has been denied his state speedy trial right. *Harris v. State*, 827 S.W.2d 949, 956 (Tex.Crim.App. 1992); *State v. Flores*, 951 S.W.2d 134, 137 (Tex.App.—Corpus Christi 1997, no pet.).

The record in the present case, however, reveals that the issue of defendant's speedy trial right was never raised during the hearing or anytime before. Nor did the trial court receive evidence from either the defense or the prosecution on any of the *Barker* factors aside from taking notice of the record on the length of delay in each case. Accordingly, we conclude that without a meaningful hearing on lack of a "speedy trial" as a ground for dismissal, the trial court erred to the extent that it dismissed on this ground. *See United States v. Rich*, 589 F.2d 1025, 1033–34 (10th Cir.1978) (the trial court errs when, at a *sua sponte* hearing on the status of the case, it allows a speedy trial challenge to be raised summarily on the basis of length of delay alone and dismisses the case without prior notice to the State or an opportunity to present evidence on the *Barker* factors). The State's second issue is sustained.

In light of our disposition on this issue, it is not necessary to address the State's remaining issues. TEX.R.APP. P. 47.1.

We REVERSE the trial court's dismissal order and REMAND this case to the trial court for proceedings consistent with this opinion.

Concurring opinion by YANEZ, J.

YANEZ, Justice, concurring.

I concur as to the majority's disposition of this case but for different reasons. The record in this case, even if incomplete, allows us to dispose of various points of error and at least begin a speedy trial analysis.

By its first point of error, the State alleges the trial court erred in dismissing its cause of

action against Tellez without the consent of the prosecution. The show cause order, the State argues, instructed the State to show why the cause should not be dismissed for want of prosecution, but it is well-settled that a Texas court does not have the authority to dismiss a case for want of prosecution without the State's consent. By its fourth point of error, the State complains that the show cause hearing really was intended to be a "docket call" or "drop docket" proceeding, at which the State would announce cases on the court's docket which would be dismissed at the State's request, that the court instead entertained oral motions to dismiss for violation of speedy trial rights without evidence in support of the motions, and thus the speedy trial dismissal order in this cause does not accurately reflect events underlying it.

A Texas trial court does not have general authority to dismiss a case without the prosecution's consent, unless dismissal is otherwise authorized by constitution, statute, or common law. *State v. Johnson,* 821 S.W.2d 609, 612–13 (Tex.Crim.App.1991); *State v. Meyer,* 953 S.W.2d 822, 825 (Tex.App.—Corpus Christi 1997, no pet.). The trial court has no specific, inherent, or implied authority to dismiss a case for want of prosecution without the prosecution's consent. *State v. Donihoo,* 926 S.W.2d 314, 315–16 (Tex.App.—Dallas 1994, no pet.). A trial court does have authorization to dismiss a criminal prosecution without the consent of the State where a speedy trial violation has occurred. *Johnson,* 821 S.W.2d at 612 n. 2; *Meyer,* 953 S.W.2d at 825.

While some of the sixty-two cases that are part of this consolidated appeal were expressly dismissed for want of prosecution, the dismissal order in the cause against Tellez was expressly issued on speedy trial considerations. A copy of the dismissal order is on record. The order states a motion to dismiss for violation of speedy trial rights was presented to the court. Hence the State's first and fourth points of error are inapposite. I would overrule points of error one and four.

By point of error three, the State claims all actions by the trial court are void because the defendant was not present. Article 28.01, section 1 of the code of criminal procedure provides that the defendant must be present at any pre-trial proceeding. TEX. CODE CRIM. PROC. ANN. art. 28.01, § 1 (Vernon 1989). Nothing in the record before us, however, indicates whether any particular defendant was present at or absent from the show cause proceedings. I would overrule point of error three.

The remaining issue here is the propriety of the court's dismissal on speedy trial grounds. By its second point of error, the State claims the court erred in concluding that Tellez was denied a speedy trial because no evidence was presented on the issue at the hearing, particularly on the most important speedy trial consideration—prejudice to the defendant.

In all criminal prosecutions, an accused's right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution, and this federal guarantee is made applicable against the states by incorporation into the Fourteenth Amendment Due Process Clause. *See* U.S. CONST., Amend. XIV; *Klopfer v. North Carolina,* 386 U.S. 213, 222, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). Article I, Section 10 of the Texas Constitution also guarantees the accused in all criminal prosecutions a speedy public trial. TEX. CONST. art. I, § 10; *Hull v. State,* 699 S.W.2d 220, 221 (Tex.Crim.App.1985). While these guarantees arise under different constitutions, the Texas speedy trial guarantee is assessed under a balancing test identical to that set forth by the United States Supreme Court in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) for violation of the Sixth Amendment speedy trial right. *Deeb v. State,* 815 S.W.2d 692, 704 (Tex.Crim.App. 1991).

Under *Barker,* courts should look to at least four factors to determine whether a defendant has been denied his right to a speedy trial. *Barker,* 407 U.S. at 523, 92 S.Ct. 2182; *Emery v. State,* 881 S.W.2d 702, 708 (Tex.Crim.App.1994); *Melendez v. State,* 929 S.W.2d 595, 599 (Tex.App.—Corpus Christi 1996, no pet.). These four factors are: (1) length of delay; (2) reason for delay; (3) defendant's assertion of his right to speedy trial; and (4) prejudice to the defen-

dant from the delay. *Barker,* 407 U.S. at 530, 92 S.Ct. 2182. Of these, no single factor is a necessary or sufficient condition for a finding of a deprivation of the right to speedy trial; rather, they are interrelated and must be considered together with such other circumstances as may be relevant. *Id.* at 533, 92 S.Ct. 2182. In setting forth these factors, the Supreme Court explained that the determination of whether a defendant has been deprived of his right must be on an ad hoc basis. *Id.* at 523, 92 S.Ct. 2182. The determination requires "a functional analysis of the [speedy trial] right in the particular context of the case." *Id.* at 530, 92 S.Ct. 2182.

This Court has held that the proper method for review of a dismissal for violation of the speedy trial rights is to separate the factual from the legal components, and apply the abuse of discretion standard to the factual component, and the *de novo* standard to the legal component. *State v. Flores,* 951 S.W.2d 134, 138 (Tex.App.—Corpus Christi 1997, no pet.); *State v. Munoz,* 960 S.W.2d 191, 196 (Tex.App.—Corpus Christi 1997, pet. granted). How long the defendant has been without a trial, the State's reason for delay, how the defendant attempted to assert his right, and what prejudice the defendant suffered, in other words, are factual determinations subject to the abuse of discretion standard. The facts of this case are not in dispute. Accordingly, I would assess Tellez's speedy trial claim *de novo.*

Length of delay

Length of delay is a triggering mechanism so that a speedy trial claim will not be heard until passage of a prejudicial amount of time. *Barker,* 407 U.S. at 530, 92 S.Ct. 2182; *Harris,* 827 S.W.2d at 956. The length of delay is measured from the time of arrest or formal accusation. *United States v. Marion,* 404 U.S. 307, 313, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). The Supreme Court has recognized that lower courts have found a post-accusation delay, as it approached one year, to be presumptively prejudicial to trigger consideration of the remaining *Barker* factors. *Doggett v. United States,* 505 U.S. 647, 652 n. 1, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). The court of criminal appeals has recognized that some courts presume a delay

of eight months or more is prejudicial. *Harris,* 827 S.W.2d at 956. We have held that an eighteen-month delay between time or arrest and trial is presumptively unreasonable and prejudicial. *Melendez,* 929 S.W.2d at 595.

The record reflects that Tellez was charged with misdemeanor theft on January 25, 1989, and that no activity regarding this case took place between March 4, 1991 and June 11, 1997. Hence over seven years have elapsed between when Tellez was charged with theft and when she asserted her speedy trial right. I would hold that this length of delay in trial is presumptively unreasonable and prejudicial.

The remaining Barker factors

Besides length of delay, however, we have no other facts to consider. By affidavit, the court reporter states that she has diligently looked for a record in this cause and cannot find one for July 9, 1997. Thus we know only of a presumptively prejudicial length of delay. The court of criminal appeals has held, nevertheless, that no definite period of time has been held to be a per se violation of a defendant's right to a speedy trial ..." *Emery v. State,* 881 S.W.2d 702, 708 (Tex. Crim.App.1994).

Accordingly, I would hold there is insufficient evidence for the court's speedy trial ruling, sustain point of error two, and reverse and remand on these grounds.