In The

Court of Appeals

For The

First District of Texas

____________

NO. 01-01-00662-CR

____________


THE STATE OF TEXAS, Appellant


V.


ALFRED JOSEPH ALEXANDER, Appellee






On Appeal from the County Court at Law No. 2

Galveston County, Texas

Trial Court Cause No. 204,198






O P I N I O N

 After being charged by information with the offense of prostitution, appellee filed a
motion to set aside the information for failure to provide a speedy trial. Following a hearing,
the trial judge granted appellee's motion. The State complains that the trial court abused its
discretion by granting appellee's motion and setting aside the information. I recommend we
affirm. 

BACKGROUND

 On August 26, 2000, appellee, a resident of Louisiana, was arrested in Galveston for
prostitution and was released on bond the same day. On March 14, 2001, appellee was
charged by information for the offense of prostitution.

 On April 18, 2001, appellee filed a motion to set aside the information for failure to
provide a speedy trial in violation of the Sixth and Fourteenth Amendments of the U.S.
Constitution; Article 1, Section 10 of the Texas Constitution; and article 32A.02 of the Texas
Code of Criminal Procedure. (1) On that same date, appellee also filed an election to have
punishment assessed by a jury in the event he was found guilty. Appellee requested that a
hearing on his motion be set for May 8. The trial court conducted the hearing on June 8,
2001. 

 At the hearing, appellee testified that, as a result of the delay, he had been harmed by
being under bond and was therefore restrained in his liberty. He also said that he was not
able to practice his profession, which involved counseling people across America; he had to
cancel his crusades and outreach efforts over the previous nine months; and he was unable
to make plans for the future because of the restraint on his liberty. Appellee also testified
about his anxiety that, while out of jail on bond, he might be stopped by the police and "be
placed in jail for nothing" and noting that, because he is an African-American, "it's a normal
thing . . . to be stopped by a policeman for nothing wrong." The State made no attempt to
rebut the prejudice that appellee claimed as a result of the delay in his trial. 

 When the judge asked the State why there had been a delay from August to March to
file the information, the State said there had been "a records problem with the offense
report." The judge asked, "What kind of records problem?", and the following occurred: 

 PROSECUTOR: The offense report itself. We do have the offense
report now. This was from a sting operation that would have been fairly large
in scope and would have taken more than just an individual stop - - 


 THE COURT: What? 


 PROSECUTOR: It would have taken more than just an individual
stop. For example, if one person was stopped on an isolated event, that one
can move perhaps faster than one from a sting. 


 THE COURT: That doesn't make any difference. I mean, each
one of the cases and each one arrested is an individual case and should be dealt
with individually. Just because you have done a bunch of them doesn't excuse
the delay. I am going to grant his motion. I think that's ridiculous." 

 The judge then signed an order setting aside the information for failure to provide a
speedy trial. 

DISCUSSION

 In its sole point of error, the State contends that the trial court abused its discretion in
granting appellee's motion to set aside the information for failure to provide a speedy trial. 
The State argues that the trial court erred by failing to consider all four factors of the
balancing test used to determine whether a defendant was denied his right to a speedy trial. 

 A criminal defendant is entitled to receive a speedy trial under both the United States
and Texas constitutions. U.S. Const. amends. VI, XIV; Tex. Const. art. I, § 10. The right
to a speedy trial is fundamental. Klopfer v. N.C., 386 U.S. 213, 223, 87 S. Ct. 988, 993
(1967). A defendant has no duty to bring himself to trial. Barker v. Wingo, 407 U.S. 514,
527, 92 S. Ct. 2182, 2190 (1972). The Supreme Court has established a balancing test to
weigh the conduct of the prosecution and the defendant, placing the primary burden on the
courts and the prosecution to bring cases to trial. Id., 407 U.S. at 529-30, 92 S. Ct. at 2191-92. The Barker court identified four factors to be considered in determining whether an
accused has been denied his constitutional right to a speedy trial: (1) length of delay; (2)
reason for the delay; (3) assertion of the right; and (4) prejudice to the accused. (2) Id. We
review the four-factor balancing test de novo, giving due deference to the factual
determinations of the trial court. Johnson v. State, 954 S.W.2d 770, 771 (Tex. Crim. App.
1997). These factors are applied on an ad hoc basis as a balancing test in which the conduct
of the prosecution and defense is weighed. 

1. Length of Delay

 The length of delay acts as a threshold that must be passed before the other factors are
considered. See Barker, 407 U.S. at 530, 92 S. Ct. at 2192. Unless there is a delay that is
presumptively prejudicial, the other factors need not be reached. Id. The length of the delay
is measured from the time the defendant has been either charged or arrested. Emery v. State,
881 S.W.2d 702, 708 (Tex. Crim. App. 1994) (citing U.S. v. Marion, 404 U.S. 307, 313, 92
S. Ct. 455, 459 (1971)). The reasonableness of the delay may depend upon the nature of the
offense, so that the delay tolerated for an ordinary street crime may be considerably less than
the delay for a complex conspiracy charge. See Barker, 407 U.S. at 530-31, 92 S. Ct. at
2192. A delay of more than eight months has been considered to be presumptively
unreasonable when evaluating a speedy trial complaint. Harris v. State, 827 S.W.2d 949, 956
(Tex. Crim. App. 1992); Melendez v. State, 929 S.W.2d 595, 598 (Tex. App.--Corpus Christi
1999, no pet.). 

 In the present case, the length of time between appellee's initial arrest and the hearing
on the motion to set aside the information was nine and one-half months. The State concedes
that this delay exceeds the threshold for presuming prejudice and that review of the
remaining three factors is warranted. However, the State argues that, because this delay is
only minimally in excess of the threshold, this factor should weigh in favor of the State. We
do not agree. 

 The prosecutor for the case at issue did not attend the hearing on the motion. The
prosecutor who appeared for the State argued, in connection with the State's time constraints,
that a charge had to be filed within the statute of limitations and "once it's filed, I believe it's
incumbent upon the Defendant to file a motion for speedy trial." He did not indicate during
the hearing that the State was ready for trial or could be ready within a reasonable time, and
he did not request a trial setting. Thus, nine and one-half months after appellee's arrest and
more than one and one-half months after appellee filed his motion to set aside the
information, the State did not demonstrate that it was ready for trial. 

 Appellee was charged with a misdemeanor in what was apparently a sting operation. 
From the information provided to the judge at the hearing, the case did not seem to be
complex. From these facts, we conclude that the length of the delay weighs slightly in favor
of appellee. 

2. Reason for Delay

 The State bears the initial burden of providing justification for an unreasonable delay. 
Emery v. State, 881 S.W.2d at 708. An intentional delay weighs heavily against the State. 
Barker, 407 U.S. at 531, 92 S. Ct. at 2192. When the record is silent regarding the reason
for the delay, the court may presume that no valid reason for the delay exists. State v.
Burckhardt, 952 S.W.2d 100, 103 (Tex. App.--San Antonio 1997, no pet.). 

 In the present case, the State indicated that the delay was a result of "a problem" with
the police offense report regarding this incident. The State also indicated that the "problem"
was associated with a sting operation, although no further explanation was given. The court
could have reasonably found that the State intentionally delayed bringing appellee to trial,
although there is no evidence that the State's intent was to prejudice appellee. It is clear from
the court's comments that it did not think the State's explanation for the delay was
reasonable. There is nothing in the record to indicate that appellee was in any way
responsible for the delay. Therefore, the reason for the delay weighs against the State. 

3. Assertion of the Right

 The third factor in the balancing test the court must consider is whether the defendant
asserted his right to a speedy trial. The defendant has some responsibility to assert his right
to a speedy trial. Melendez, 929 S.W.2d at 599. Therefore, a defendant's assertion of his
right to a speedy trial is entitled to strong evidentiary weight. Barker, 407 U.S. at 531, 92 S.
Ct. at 2192. 

 There is no single method by which an accused must assert his right to a speedy trial. 
In Burckhardt, the court found that the defendant asserted his right to a speedy trial by
insisting on a special setting for his pretrial motions, thereby establishing his desire to have
his case heard as soon as possible. Burckhardt, 952 S.W.2d at 103. In Guajardo v. State,
a motion to dismiss for violation of the right to a speedy trial was considered an assertion of
that right. Guajardo v. State, 999 S.W.2d 566, 570 (Tex. App.--Houston [14th Dist.] 1999,
pet. ref'd). 

 In the present case, appellee did not file a motion requesting a speedy trial. However,
when appellee filed his motion to set aside the information, he requested that a hearing be
set on the motion. He also filed an election to be sentenced by a jury in the event of a
conviction. The trial court could have reasonably believed that appellee's request for a
hearing demonstrated his desire to have this case resolved as quickly as possible. Moreover,
the trial court clearly rejected the State's argument that it was "incumbent upon the
Defendant to file a motion for speedy trial." Such a requirement would be inconsistent with
the Supreme Court's holding that an accused has no duty to bring himself to trial and that the
burden of bringing cases to trial is on the prosecutors and courts. See Barker, 407 U.S. at
529, 92 S. Ct. at 2191. 

 The State argues that a "defendant bears the burden of demonstrating to the court that
he diligently asserted his right to a speedy trial," citing Melendez. In Melendez, the
defendant, who was in jail for over a year, made repeated requests for a speedy trial through
motions, letters to the judge and to a legal aid attorney who did not represent the defendant,
and telephone calls to his appointed counsel and the legal aid attorney from the time of his
arrest in April 1993 until the appointment of new counsel in September 1994. Melendez, 929
S.W.2d at 599. The trial court denied Melendez's motion to dismiss based on his right to a
speedy trial. Id. 

 The court of appeals reversed the judgment and dismissed the case. Although taking
note of the many efforts by Melendez to assert his right to a speedy trial, the court of appeals
did not indicate that the degree of diligence shown by Melendez is required. Any such
requirement would be in direct opposition to Barker, in which the Supreme Court rejected
the rule imposing waiver of the right in the absence of a demand and, instead, announced the
rule that "the defendant's assertion of or failure to assert his right to a speedy trial is one of
the factors to be considered in an inquiry into the deprivation of the right." Barker, 407 U.S.
at 528, 92 S. Ct. at 2191. 

 The State also argues that appellee never attempted to obtain a trial setting, but filed
only a motion to set aside the information and requested a hearing on that motion. There is
no requirement that a defendant request a trial setting, and a defendant has no duty to bring
himself to trial. Id., 407 U.S. at 527, 92 S. Ct. at 2190. 

 Appellee filed his motion to set aside the information approximately one month after
the information was filed and seven and one-half months after his arrest. He did not wait
until the eve of trial to file such a motion, or even until the State had requested a trial setting. 
In addition, he asked for a hearing to be set within three weeks. The State was on notice that
appellee was asserting his right to a speedy trial and could have responded by announcing
ready and requesting a trial setting. It did not. 

 We hold that, under these facts, appellee asserted his right to a speedy trial, and,
therefore, factor three weighs in favor of appellee. 

4. Prejudice to the Accused

 In considering whether the delay has prejudiced the defendant, proof of actual
prejudice is not required. Melendez, 929 S.W.2d at 600. The defendant has the burden to
make a prima facie showing of prejudice. Guajardo, 999 S.W.2d at 570. Once the defendant
has met his burden, the burden shifts to the State to refute that prejudice has occurred. See
Ex parte McKenzie, 491 S.W.2d 122, 123 (Tex. Crim. App. 1973). A trial delay can be
harmful in three ways: (1) pretrial incarceration may be oppressive; (2) the accused may be
unduly subjected to anxiety and concern; or (3) a defense may be impaired. Barker, 407 U.S.
at 532, 92 S. Ct. at 2193. 

 In the present case, appellee does not claim that pretrial incarceration was oppressive
because he was released on bond the same day of his arrest. Furthermore, appellee has made
no showing that the delay has impaired any defenses that he may be entitled to present. 
Appellee claims only that he has been subjected to anxiety from the restraint of his liberty
under the bail bond and that, as a result of the delay, he has had to suspend his travel and
participation in various counseling and church outreach programs and has been unable to
make plans for such activities in the future. Appellee also expressed anxiety about the
possibility of being stopped by the police while out of jail on a bond. 

 The State made no attempt to rebut appellee's contentions of prejudice. On appeal,
the State argues that, although appellee's argument "would appear to meet the prima facie
prejudice requirement . . . , it is far from being the type of showing made in Rangel," a case
relied on in the trial court by appellee. In Rangel, the attorney for the defendant, a police
officer accused of driving while intoxicated (DWI), asserted at a hearing that the defendant
had been indefinitely suspended from his job because of the DWI charge. State v. Rangel,
980 S.W.2d 840, 845 (Tex. App.--San Antonio 1998, no pet.). No other prejudice was
asserted. The State did not contradict or rebut Rangel's assertions. Id. The court of appeals
found that Rangel had met his burden of showing some prejudice. Id. 

 In the present case, appellee has shown prejudice similar to that of Rangel--an
interference with his profession. In addition, appellee has shown anxiety resulting from the
restraint on his liberty. The Barker court stated, "[E]ven if an accused is not incarcerated
prior to trial, he is still disadvantaged by restraints on his liberty and by living under a cloud
of anxiety, suspicion, and often hostility." Barker, 407 U.S. at 533, 92 S. Ct. at 2193. 

 We hold that appellee made a prima facie showing of prejudice and the State did not
carry its burden to rebut that showing. Therefore, the fourth factor weighs in appellee's
favor. 

 Because each of the four Barker factors weighs in favor of appellee, we need not
conduct a balancing test as in Barker. Accordingly, the State's sole point of error is
overruled.

 We affirm the judgment of the trial court. 



 Sam Nuchia

 Justice


Panel consists of Justices Cohen, Nuchia, and Smith. (3) 

Do not publish. Tex. R. App. P. 47. 
1. Article 32A.02 of the Texas Code of Criminal Procedure was held to be
unconstitutional in Meshell v. State as a violation of the separations of powers
provision of the Constitution. Meshell v. State, 739 S.W.2d 246, 258 (Tex. Crim App.
1987). Therefore, we consider the speedy-trial issue only under the constitutional
standard, as set forth in Barker v. Wingo, 407 U.S. 514, 92 S. Ct. 2182 (1972).
2. The Supreme Court made it clear that, because of the ad hoc nature of the assessment,
these four factors are not exclusive, referring to these factors as "some of the factors
which courts should assess." Barker v. Wingo, 407 U.S. at 530, 92 S. Ct. at 2192. 
Nevertheless, most courts dealing with the speedy-trial issue address only these four
factors. See, e.g., Doggett v. U.S., 505 U.S. 647, 651, 112 S. Ct. 2686, 2690 (1992);
Emery v. State, 881 S.W.2d 702, 708 (Tex. Crim. App. 1994); Harris v. State, 827
S.W.2d 949, 956-57 (Tex. Crim. App. 1992); Guajardo v. State, 999 S.W.2d 566, 569
(Tex. App.--Houston [14th Dist.] 1999, pet. ref'd); State v. Rangel, 980 S.W.2d 840,
843 (Tex. App.--San Antonio 1998, no pet.).
3. The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.