IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 



No. 10-07-00398-CV

 

    DOYE BAKER AND DOYE BAKER, L.P.,

                                                                                      Appellants

    v.

 

    THE CITY OF ROBINSON,

                                                                                      Appellee

 

 



From the 19th District
Court

McLennan County, Texas

Trial Court No. 2006-305-1

 



ORDER OF RECUSAL



 

            I hereby recuse myself from further
participation in this case.  Tex. Code
Jud. Conduct, Cannons 1, 2, and 3, reprinted in Tex. Gov’t Code Ann., tit. 2, subtit. G app. B (Vernon 2005);
Tex. R. App. P. 16.1 and 16.2;
and Tex. R. Civ. P. 18b(2)(a).  See
also Tex. R. Civ. P. 18b(1)(a).

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

                                                                        Date:
  July 30, 2008






e-height: 0.388889in">      Appellant Graf appeals his conviction for aggravated assault with a deadly weapon (enhanced
by two prior felony convictions), for which he was sentenced to 35 years in the Texas Department
of Criminal Justice–Institutional Division.
      On October 1, 1995, Appellant, a drug user and dealer, was living with Janice Prince and her
children. Appellant and a friend, Keith Clegg, had been up all night doing methamphetamine and
speed. They went to Prince's apartment about 8:30 a.m. Appellant and Prince began to argue and
Prince told Appellant to get his stuff and leave. Appellant then put his arm around her, turned her
around, and then put an open-knife blade to her throat and told her he would kill her if she ever
left him. Prince was afraid and went a short distance to a store and called the police. Officer
Tabor responded to the call and found Prince upset, crying and shaky. She told the officer that
Appellant held a knife to her throat and said she was afraid he was going to kill her.
      Appellant was arrested on October 1, 1995, and charges were filed on October 3. Appellant
bonded out but was re-arrested on October 27, indicted on November 21, and remained in jail
until the time of his trial on June 9, 1997, some 20 months after his first arrest.
      On June 10, Appellant filed a motion to dismiss the prosecution alleging his right to a speedy
trial had been violated. The trial court overruled the motion and the trial proceeded. He was
found guilty by a jury, pled "true" to the two alleged prior felony convictions, and elected to have
the judge assess his punishment. The judge then sentenced him to 35 years in prison.
      Appellant appeals on one point of error: "The trial court erred by refusing to dismiss the
indictment for violation of Appellant's right to a speedy trial."
      An accused is guaranteed the right to a speedy trial by the Sixth Amendment to the U.S.
Constitution. Speedy trial claims are evaluated by the Courts of Appeal according to a balancing
test containing four factors: (1) length of delay, (2) reason for the delay, (3) the defendant's
assertion of his right, and (4) prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 530
(1972). Appellate review of a speedy trial claim is de novo and the balancing test is purely a legal
question. Johnson v. State, 954 S.W.2d 770, 771 (Tex. Crim. App. 1997); Parkerson v. State,
942 S.W.2d 789, 790 (Tex. App.—Fort Worth 1997, no pet.).
Length of Delay
      The first factor to consider is the length of the delay. The length of the delay is measured
from the time defendant is arrested or formally accused. Harris v. State, 827 S.W.2d 949, 956
(Tex. Crim. App. 1992). Appellant was arrested on October 1, 1995, and trial commenced on
June 9, 1997, a delay of 20 months. Courts generally hold that any delay of eight months or more
is presumptively unreasonable and triggers a further speedy trial analysis. Harris, at 956. This
factor weighs against the State.
Reason for Delay
      The second factor to consider is the reason for the delay. The State has the burden to
establish an excuse for the delay. Parkerson, at 791. In assessing the reason for the delay this
court should assign different weights to different reasons; that is, a deliberate attempt to delay the
trial in order to hamper the defense should be weighed heavily against the State, while a more
neutral reason, such as negligence or overcrowded courts, should be weighed less heavily. Barker
v. Wingo, at 532. The record here does not demonstrate that the delay was a deliberate attempt
to hamper the defense. The State announced “ready” on November 21, 1995, 51 days after
Appellant’s initial arrest. The docket sheet reflects that the case was called for trial five times
(January 22, 1996, May 6, 1996, September 9, 1996, December 9, 1996, and March 27, 1997). 
Appellant did not file any pretrial motions until May 8, 1997, and did not request the appointment
of an investigator until June 2, 1997. Thus this record does not indicate that the delay was a
deliberate attempt to gain some tactical advantage over Appellant. While this record does not
exonerate the State, it does not weigh heavily against the State. Melendez v. State, 929 S.W.2d
595, 598 (Tex. App.—Corpus Christi 1996, no pet.). This factor weighs slightly against the State.
Assertion of Speedy Trial Rights
      The third factor we consider is whether and when Appellant asserted his right to a speedy
trial. Appellant did not assert his right to a speedy trial until trial had commenced. Appellant
concedes that this fact militates against his claim of a speedy trial violation. Barker v. Wingo, at
528, 532. A lengthy delay in asserting the right makes it more difficult to prove denial of a
speedy trial and tends to diminish the importance of the State’s inability to excuse the delay. 
Clarke v. State, 928 S.W.2d 709, 714 (Tex. App.—Fort Worth 1996).
      Appellant’s assertion of his right to a speedy trial does not favor his speedy trial claim. He
filed his motion after trial commenced. While his failure to invoke the right earlier did not amount
to a waiver, it does make it more difficult for an accused to prove that he was denied a speedy
trial. Barker v. Wingo, at 528-29. Appellant’s lack of an earlier demand for a speedy trial
indicates that he did not really want a speedy trial. Harris, at 957. Appellant, rather than move
for a speedy trial, asked the court to dismiss his indictment. A request for a dismissal instead of
a speedy trial weakens a defendant’s claim because it shows a desire to have no trial instead of a
speedy trial. Parkerson, at 791.
      Appellant’s “day of trial” request for a dismissal of his indictment weakens his assertion and
this factor weighs against him.
Prejudice Caused by the Delay
      The fourth factor to consider is whether the delay of trial was prejudicial to the defendant. 
This factor is to be considered in the light of the following consequences that the right to a speedy
trial is designed to prevent: (1) oppressive pretrial incarceration, (2) excessive anxiety over the
pending charges, and (3) impairment of an accused’s ability to present a defense. Barber v.
Wingo, at 532. The accused has the burden of making an initial showing that the delay was
prejudicial. Once that showing is made, the burden shifts to the State to refute the prejudice. 
Parkerson, at 792. Appellant’s primary claim of prejudice is based on the unavailability at time
of trial of Michael Ortega, a potential witness. When the unavailability of a witness is the basis
of the claim of prejudice, the accused must show: (1) the witness was unavailable at time of trial,
(2) the testimony that would have been offered was relevant and material to the defense, and (3)
due diligence was exercised in an attempt to locate the witness for trial. Parkerson, at 792.
      Appellant did not meet this burden. While defense counsel stated he had been unable to find
Ortega, he did not state what measures were taken to find him. Moreover, Appellant’s speedy
trial motion makes no reference at all to Michael Ortega. Appellant has not made a prima facie
showing of prejudice. Clarke, at 716. The factor of prejudice caused to Appellant by the delay
weighs against Appellant.
      With two of the requisite factors weighing against the State and two of the factors weighing
against Appellant, the trial court did not err in denying Appellant’s motion to dismiss the charged
offense for lack of a speedy trial. Clarke, at 718.
      Appellant’s point is overruled. The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Cummings, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed June 24, 1998
Do not publish