The **STATE of Texas, Appellant,**

v.

**Alfredo de Leon MUNOZ, Jr., Appellee.**

**No. 13–96–492–CR.**

Court of Appeals of Texas, Corpus Christi.

Nov. 6, 1997.

---

Theodore C. Hake, Asst. Criminal District Attorney, Rene Guerra, District & County Attorney, Traci A. Sellman, Asst. Criminal District Attorney, Edinburg, for Appellant.

Michael M. Guerra, McAllen, for Appellee.

Before SEERDEN, C.J., and YANEZ and CHAVEZ, JJ.

## OPINION ON MOTION
## FOR REHEARING

YANEZ, Justice.

We withdraw our original opinion in this case and substitute this one, so that we may clarify our decision in relation to the State's motion for rehearing. The State appeals from the trial court's order dismissing four criminal charges against appellee, Alfredo de Leon Munoz, Jr., on the ground that the State failed to afford him a speedy trial. We affirm.

### FACTUAL AND PROCEDURAL
### HISTORY

Munoz was arrested on February 11, 1995, for conduct allegedly committed in January 1995. On April 4, 1995, he was indicted on

one count of deadly conduct[1] and three counts of attempted murder.[2] Bond on count one of the indictment, the deadly conduct charge, was set at $10,000; bond on count two, an attempted murder charge, was set at $250,000, and bond on the remaining counts of attempted murder was set at $20,000 each. On April 17, 1995, appellant filed a waiver of arraignment, which read, in part:

> Defendant requests the Court to waive the reading of the indictment in this cause in his presence, enters his appearance herein for all purposes, pleads not guilty to the indictment, and requests the Court to set a date for Pretrial matters and for Trial on the Merits before a jury.

The court granted appellant's waiver and ordered pretrial and trial dates. Its order indicates a "trial on the merits before jury" scheduled for May 22, 1995. In April 1995, the State made a plea offer to Munoz of ten years in prison with no affirmative finding.[3] Munoz's case did not go to trial on May 22, 1995.

On August 17, 1995, Munoz filed a motion to sever offenses, requesting a separate jury trial for count one, a separate jury trial for count two, and separate jury trial for counts three and four.[4] In November 1995, the State made a plea offer of five years in prison with an affirmative finding. In January 1996, the State offered Munoz eight years in prison with no affirmative finding. In June 1996, the State offered Munoz three years in prison with an affirmative finding. At a hearing on June 18, 1996, the State expected Munoz to accept this offer, but Munoz instead rejected it and demanded a jury trial. The court set the case for trial on August 19, 1996. On July 11, 1996, this Court handed down its original opinion in *Melendez v. State,* cause No. 13–94–592–CR,

by which we held that a particular defendant incarcerated for eighteen months without a trial on his case was deprived of his constitutional right to a speedy trial.[5]

On July 16, 1996, Munoz filed a motion to set aside the indictment for failure to afford a speedy trial. A hearing on this motion was held on July 25, 1996. At the hearing, there was no dispute as to the length of Munoz's time in jail without a trial; he had been in jail seventeen consecutive months. Over the course of the seventeen months, Munoz's case had been set and re-set for trial numerous times. Neither the State nor Munoz's attorney suggested that Munoz ever requested a continuance of Munoz's trial. The State maintained that the delay in Munoz's trial was due to plea negotiations conducted in good faith with Munoz's attorney and to an over-crowded docket. On August 6, 1996, the court granted Munoz's motion to set aside the indictment and ordered Munoz's release.

## ANALYSIS

By a single point of error, the State argues that the trial court erred in dismissing this case. Relying on *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), in which the Supreme Court established a four-pronged test to determine if a defendant's right to a speedy trial was violated, the State concedes that the length of trial delay in the instant case weighed in favor of dismissal, but maintains that the reasons for the delay—the plea negotiations and an overcrowded docket—excuse it. The State further contends that Munoz failed to adequately assert his right to a speedy trial or sufficiently show that his defense was prejudiced by the delay of his trial. In response, Munoz contends that the reasons offered by the State were

1. TEX. PENAL CODE ANN. § 22.05(b)(2) (Vernon 1994).

2. TEX. PENAL CODE ANN. § 19.02(b)(3) (Vernon 1994).

3. The record does not affirmatively state that Munoz refused this or any of the subsequent plea offers, but the implication of testimony by Munoz's attorney on direct and cross-examination is that the first three offers and ultimately the fourth, too, were unsatisfactory to Munoz.

4. No ruling on this motion appears on record, and Munoz's attorney testified at the hearing on the motion to dismiss the indictment that he recalled no ruling on the motion to sever.

5. On motion for rehearing, we withdrew our original opinion and issued a substitute opinion on August 29, 1996. *See Melendez v. State,* 929 S.W.2d 595 (Tex.App.—Corpus Christi 1996, no pet.)

insufficient to justify the delay, his waiver of arraignment and motion to sever constituted assertions of his speedy trial right, and his defense was prejudiced by loss of memory and the unknown whereabouts of witnesses.

## Standard of Review

We first address the matter of standard of review. Texas courts have differed as to the proper standard of review for a speedy trial issue. Some courts have applied an abuse of discretion [6] standard, while others have reviewed speedy trial issues *de novo*.[7] We recently adopted a bifurcated standard of review, *i.e.*, an abuse of discretion standard for the factual components of a speedy trial challenge and *de novo* review for legal components. *State v. Flores*, 951 S.W.2d 134, 138 (Tex.App.—Corpus Christi 1997, no pet. h.). Accordingly, in reviewing the judgment in the instant case, we will follow *Flores*. In appealing the instant case, we further note, the State does not dispute appellee's evidence, nor does the State argue the trial court misinterpreted the evidence and thereby arrived at unsupported factual determinations. Rather, the State argues that the facts of this case do not reflect a denial of a speedy trial. We therefore will review the entire instant challenge *de novo*.

## Barker v. Wingo

The right to a speedy trial is guaranteed by the Sixth Amendment of the United States Constitution. U.S. CONST. amend. VI. It applies to the states through the Due Process Clause of the Fourteenth Amendment. *Klopfer v. North Carolina*, 386 U.S. 213, 222, 87 S.Ct. 988, 993, 18 L.Ed.2d 1 (1967). Article 1 section 10 of the Texas Constitution also guarantees the accused in all criminal prosecutions the right to a speedy public trial. TEX. CONST. art. 1, § 10; *Hull v. State*, 699 S.W.2d 220, 221 (Tex.Crim. App.1985). Although the state and federal constitutional guarantees of a speedy trial are independent, the State guarantee is as-

sessed against a balancing test identical to the *Barker* test. *Deeb v. State*, 815 S.W.2d 692, 704 (Tex.Crim.App.1991).

Under *Barker*, courts should look to at least four factors to determine if a defendant has been denied his right to a speedy trial. *Barker*, 407 U.S. at 523, 92 S.Ct. at 2188; *Emery v. State*, 881 S.W.2d 702, 708 (Tex.Crim.App.1994); *Melendez v. State*, 929 S.W.2d 595, 599 (Tex.App.—Corpus Christi 1996, no pet.). These four factors are: (1) the length of delay; (2) the reason for delay; (3) the defendant's assertion of his right to a speedy trial; and (4) prejudice to the defendant from the delay. *Barker*, 407 U.S. at 530, 92 S.Ct. at 2192. Of these, no single factor is a necessary or sufficient condition for a finding of a deprivation of the right to a speedy trial; rather, they are all related and must be considered together with such other circumstances as may be relevant. *Barker*, 407 U.S. at 533, 92 S.Ct. at 2193. In setting forth these factors, the Supreme Court explained that the determination of whether a defendant has been deprived of his right must be on an *ad hoc* basis. *Barker*, 407 U.S. at 523, 92 S.Ct. at 2188. The determination requires "a functional analysis of the [speedy trial] right in the particular context of the case." *Barker*, 407 U.S. at 522, 92 S.Ct. at 2188.

### 1. Length of Delay

The length of delay is a triggering mechanism so that a speedy trial claim will not be heard until passage of a prejudicial amount of time. *Barker*, 407 U.S. at 530, 92 S.Ct. at 2192; *Harris*, 827 S.W.2d at 956. The length of delay is measured from the time of arrest or formal accusation. *United States v. Marion*, 404 U.S. 307, 313, 92 S.Ct. 455, 459, 30 L.Ed.2d 468 (1971). The Supreme Court has recognized that lower courts have found a post-accusation delay, as it approached one year, to be presumptively prejudicial to trigger consideration of the

---

**6.** Cases applying an abuse of discretion standard include *State v. Empak, Inc.*, 889 S.W.2d 618, 623 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd), and *State v. DeBlanc*, 858 S.W.2d 19, 21–22 (Tex.App.—Beaumont 1993, no pet.).

**7.** Cases applying *de novo* review include *Holmes v. State*, 938 S.W.2d 488, 490 (Tex.App.—Texarkana 1996, no pet.), and *Clarke v. State*, 928 S.W.2d 709, 713 (Tex.App.—Fort Worth 1996, pet. ref'd).

remaining *Barker* factors. *Doggett v. United States*, 505 U.S. 647, 652 n. 1, 112 S.Ct. 2686, 2691 n. 1, 120 L.Ed.2d 520 (1992). The court of criminal appeals has recognized that some courts presume a delay of eight months or more is prejudicial. *Harris v. State*, 827 S.W.2d 949, 956 (Tex.Crim.App.1992). We have held that an eighteen-month delay between time of arrest and trial is presumptively unreasonable and prejudicial. *Melendez*, 929 S.W.2d at 595.

The State concedes that a seventeen-month delay between the date of Munoz's arrest, February 11, 1995, and the date of his speedy trial hearing, July 25, 1996, is sufficient to trigger review of the remaining factors. Taking no issue with the State's concession, we hold that the seventeen-month delay was presumptively prejudicial.

### 2. Reason for Delay

The State argues that the delay in Munoz's trial was not deliberate but rather a result of an overcrowded docket and good faith plea negotiations with counsel for Munoz. Munoz contends that, as a matter of law, neither reason excuses the State's delay, and that the record does not show he intentionally delayed his own trial.

■■■■ Under *Barker*, a deliberate attempt to delay trial in order to hamper the defense weighs heavily against the State. *Barker*, 407 U.S. at 531, 92 S.Ct. at 2192. More neutral reasons, such as negligence or overcrowded courts, should be weighed less heavily but still should be considered because "the ultimate responsibility for such circumstances must rest with government rather than with the defendant." *Id.* The State has the burden of establishing a valid reason for delay. *Pierce v. State*, 921 S.W.2d 291, 294 (Tex.App.—Corpus Christi 1996, no pet.).

■■ The overcrowded courts explanation for the delay of Munoz's trial, therefore, weighs against the State but will not weigh heavily against it, because an overcrowded docket is a "more neutral" reason for the delay. The delay will weigh against the State, however, because the State is responsible for bringing cases to trial without delay.

■■ The State's excuse of plea negotiations also fails because, in the instant case, the plea negotiations do not sufficiently explain the delay in bringing the case to trial, nor do they reflect Munoz's acquiescence to being confined for seventeen months without a trial. When he filed the waiver of arraignment, Munoz pleaded "not guilty" and requested a jury trial. He subsequently filed a motion to sever and requested three separate jury trials in relation to the four offenses charged. Munoz authorized his attorney to engage in plea negotiations with the State, but the State made only four offers over the course of seventeen months. Apparently no continuances ever were sought by Munoz, nor does the record reflect any other motions that Munoz might have raised as delay tactics.

### 3. Assertion of the Speedy Trial Right

The State makes several arguments in support of its position that Munoz did not adequately assert his right to a speedy trial: (1) he led the prosecutor to believe that this case would be disposed by a plea bargain and then strategically asserted his speedy trial right; (2) the waiver of arraignment Munoz filed was essentially for the purpose of case management and not an independent assertion of a speedy trial right; and (3) Munoz's speedy trial claim is attenuated by the fact that he requested a trial setting at the June 18, 1996 hearing, received an August 19, 1996 trial date, and then filed a motion to dismiss the indictment, "rather than requesting an accelerated trial setting which would have been indicative of a true desire for a speedy trial."

■■ A defendant has no duty to bring himself to trial, and the primary burden rests on the courts and prosecution to insure that cases are brought to trial. *Barker*, 407 U.S. at 527, 92 S.Ct. at 2190; *Melendez*, 929 S.W.2d at 599. The defendant, however, has the burden of showing a diligent assertion of the right to a speedy trial. *Melendez*, 929 S.W.2d at 599; *State v. Hernandez*, 830 S.W.2d 631, 635 (Tex.App.—San Antonio 1992, no pet.). The assertion of the right to a speedy trial does not require the use of any particular words, but the declaration should

be clear enough to convey to the trial court or the State that the defendant is asserting the right. *Bailey v. State*, 885 S.W.2d 193, 201 (Tex.App.—Dallas 1994, pet. ref'd). Courts should indulge every reasonable presumption against waiver of the speedy trial right. *Barker*, 407 U.S. at 525, 92 S.Ct. at 2189; *Warr v. State*, 591 S.W.2d 832, 835–36 (Tex.Crim.App.1979).

 Nothing Munoz moved for or filed prior to his motion to dismiss the indictment of July 1996 expressly reflects an assertion of his right to a speedy trial. On the court's waiver of arraignment form, however, Munoz expressly indicates his plea of not guilty and requests a trial date. The court granted Munoz's waiver of arraignment and set a date for trial. Munoz subsequently filed the motion to sever and thereby requested three separate jury trials. We hold that when an accused requests trial settings in such a manner, he may be presumed to concomitantly have asserted his right to a speedy trial, absent circumstances that would suggest otherwise.

The State cites to *Phillips v. State*, 650 S.W.2d 396, 401 (Tex.Crim.App.1983), *Clarke v. State*, 928 S.W.2d 709, 714 (Tex.App.—Fort Worth 1996, pet. ref'd), and *Orosco v. State*, 827 S.W.2d 575, 577 (Tex.App.—Fort Worth 1992, pet. ref'd), to support its argument that Munoz's motion for dismissal, rather than a motion to accelerate trial, should attenuate the strength of his speedy trial claim. In *Phillips*, however, the Court of Criminal Appeals recognized that in some cases, defense counsel may legitimately feel that a long delay has caused his client so much prejudice that dismissal is warranted. *Phillips*, 650 S.W.2d at 401. In addition, the particular relief sought is only one factor to consider. *Id.* In *Clarke*, the defendant did not assert his speedy trial right in relation to his punishment hearing until two years after the Supreme Court denied certiorari on his first case, in which the Fort Worth court of appeals had reversed and remanded for the punishment hearing only; he also filed the motion with thirty-two other motions. *Clarke* 928 S.W.2d at 714. Similarly, Orosco "took no action" to assert his right for two years and then simply moved for dismissal of

the indictment. *Orosco* 827 S.W.2d at 577. In the instant case, Munoz, in effect, promptly filed a waiver of arraignment, by which he pleaded not guilty and requested a trial, and subsequently filed a motion to sever the offenses.

Citing *Johnson v. State*, 901 S.W.2d 525, 530 (Tex.App.—El Paso 1995, pet. ref'd), the State argues that Munoz used the plea negotiations as a tactic to delay proceedings and then strategically assert his right to a speedy trial. In *Johnson*, counsel for the defendant had testified that it was his intention to not assert his client's right to a speedy trial until it in fact had been deprived. *Id.* The *Johnson* court found this to be an unambiguous intent to bring about the deprivation later complained about. *Id.*

 Because Munoz promptly filed a waiver of arraignment, pleaded not guilty, requested a date for trial, and then moved to sever the offenses charged and requested separate jury trials, and because the State allowed an overcrowded docket to cause his case to be re-set for trial several times and made only four plea offers over the course of seventeen months, we hold that Munoz did not waive his speedy trial right or seek to delay his trial. We further hold that Munoz's filing of a motion to dismiss just after our original opinion in *Melendez* was issued does not attenuate the strength of his speedy trial claim, because it would be inappropriate to penalize a defendant for asserting his speedy trial right after a judicial opinion is issued which makes it apparent to him that his right was being violated.

### 4. Prejudice to Defendant

The State argues that the prejudice factor weighs in its favor, because Munoz experienced mere anxiety while in jail and he failed to make a sufficient showing as to the unavailability of witnesses. In response, Munoz claims that he was subject to oppressive pretrial incarceration because, while incarcerated, he was scared and anxious, forgot many things that happened at the time of the incident that led to his arrest, lost his job, his family life was disrupted, he was forced into idleness, and he was uncertain as to the whereabouts of particular witnesses.

Analysis of prejudice to the defendant is the most important of the *Barker* factors. *Hernandez*, 830 S.W.2d at 634. A defendant who invokes his right to a speedy trial is required to make a showing that the delay caused him some prejudice. *Chapman v. Evans*, 744 S.W.2d 133, 137 (Tex.Crim. App.1988). Prejudice should be assessed in light of the interests a speedy trial is designed to protect. *Barker*, 407 U.S. at 532, 92 S.Ct. at 2193. The Supreme Court listed those interests as (i) to prevent oppressive pretrial incarceration, (ii) to minimize anxiety and concern of the accused, and (iii) to limit the possibility that his defense will be impaired. *Id.* Once the defendant makes a showing of some prejudice, the burden shifts to the State to prove that the defendant suffered no serious prejudice beyond that which ensued from ordinary and inevitable delay. *Ex parte McKenzie*, 491 S.W.2d 122, 123 (Tex.Crim.App.1973).

*(i) Prevention of oppressive pretrial incarceration.* In consideration of this interest, the State notes that, while in jail, Munoz was visited by his attorney and family and befriended some of his fellow inmates. The State further notes that Munoz authorized his attorney to negotiate a plea bargain. Munoz reiterates his argument that the State's excuses for the delay of his trial are legally insufficient.

We view the State's last plea offer as dispositive of this consideration. The State's final offer was for three years of time served, where Munoz already had been imprisoned for over one and half years. Munoz's pretrial incarceration would satisfy over half of the total punishment the State was willing to view as appropriate. Thus the severity of Munoz's pretrial incarceration is aggravated by the fact that the State ultimately did not view his alleged crimes as deserving of lengthy punishment. *Cf. Melendez*, 929 S.W.2d at 600 ("The prejudicial nature of appellant's [seventeen-month] pretrial incarceration weighs heavily against the State in light of the protracted length of the incarceration and appellant's sentence of two years probation.")

*(ii) Anxiety and concern of the accused.* Munoz simply testified that he was scared and anxious while in prison. The State responds that virtually any defendant would be scared and anxious, and adds that Munoz admitted he was visited by his attorney and family while in jail. Because there is nothing ordinary about a seventeen-month pretrial incarceration, we hold Munoz demonstrated he was scared and anxious beyond what would be expected from ordinary and inevitable pretrial incarceration.

*(iii) Impairment of defendant's defense.* At the hearing on his motion to dismiss, Munoz testified that he had forgotten details about the incident that led to his arrest and was uncertain as to the whereabouts of several witnesses. In his brief, Munoz asserts that the "dead time" he spent in jail hindered his ability to gather evidence, contact witnesses, or otherwise prepare his defense. The State argues that mere assertion of memory loss and its resulting prejudicial effect is insufficient to prove that Munoz's defense was, in fact, impaired by the delay. The State further contends that Munoz's claims of witness unavailability were merely conclusory and therefore inadequate.

Impairment of one's defense is the most difficult form of speedy trial prejudice to prove, because the erosion of exculpatory evidence and testimony over time rarely can be shown. *Barker*, 407 U.S. at 532, 92 S.Ct. at 2193. In relation to this consideration, prejudice is not limited to specifically demonstrable and affirmative proof of prejudice. *Doggett*, 505 U.S. at 655, 112 S.Ct. at 2692–93. Excessive delay presumptively compromises the reliability of a trial in ways that cannot be proved or identified. *Id.* Upon the defendant making a *prima facie* showing of prejudice to his defense caused by a delay in his trial, the burden shifts to the State to prove that the defendant suffered no serious prejudice to his defense. *McKenzie*, 491 S.W.2d at 123. An assertion of memory loss may be enough to shift the burden to the State for proof of no serious prejudice. *State v. Perkins*, 911 S.W.2d 548, 554 (Tex.App.— Fort Worth 1995, no pet.) (once defendant made *prima facie* showing of prejudice through his testimony that, but for a fourteen-month delay, he would have "remem-

bered a lot more" and his lawyer's testimony that other witnesses had lost memory of the events, the burden shifted to the State to refute prejudice due to dimming memories, which the State failed to do).

 Munoz asserted a memory loss in relation to details about the incident which led to his arrest. The State did not challenge the loss. We hold that the State failed to meet its burden of contradicting Munoz's assertion of dimming memories.

 Where the basis for prejudice is witness unavailability, however, it also must be shown that (1) the witness was unavailable at time of trial, (2) the witness testimony would have been relevant and material, and (3) the defendant exercised due diligence in an attempt to locate the witnesses. *Clarke*, 928 S.W.2d at 709.

 At the hearing on his motion to dismiss, Munoz only asserted that he thought some witnesses may have been lost. The relevance of any particular witnesses Munoz did not know the whereabouts of was not explained. It was established that Munoz's attorney hired an investigator, but the results of the investigation were not disclosed. We therefore agree with the State that Munoz failed to establish prejudice against his case on the ground of witness unavailability.

Altogether, in consideration of the prejudicial delay in Munoz's trial, the unacceptable excuses for delay from the State, the assertion of his right by the waiver of arraignment granted and motion to sever filed, and some showing of prejudice to his defense by the delay, we hold that the balance of the Barker factors weigh in favor of Munoz's claim that his right to a speedy trial was violated.

Accordingly, the judgment of the trial court is affirmed.