**Juan Daniel CANO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–11–0143–CR.**

Court of Appeals of Texas,
Amarillo,
Panel C.

March 28, 2012.

Opinion on Rehearing Overruled
May 10, 2012.

Discretionary Review Refused
June 27, 2012.

John Bennett, Amarillo, TX, for appellant.

Jeromie Oney, Asst. Dist. Atty., Pampa, TX, for appellee.

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

### Memorandum Opinion

PER CURIAM.

Juan Daniel Cano seeks to overturn his conviction of murder by claiming he 1) was denied a speedy trial, and 2) suffered egregious harm by the failure of the jury charge to limit the culpable mental state to the result of his conduct. We affirm the judgment.

*Speedy Trial*

Appellant initially contends that his right to a speedy trial was denied him and the proper remedy is dismissal. Yet, below, he did not move to dismiss the prosecution on the basis of being denied a speedy trial. Nor did he cite us to anything of record indicating that he complained to the trial court of his constitutional right to a speedy trial being denied him. Indeed, the record simply discloses that he requested a trial by January 30, 2011, because he "will be prejudiced should trial not be held" by that date. And, while one was not convened until March of 2011, counsel for appellant represented to the trial court in December of 2010 (during a pretrial hearing) that he had "no objec-

tions" to such a postponement so long as the March setting was a preferential one. Under these circumstances, we cannot say that the complaint now being urged (*i.e.,* that he was denied his constitutional right to a speedy trial) was ever presented to the trial court as required by Texas Rule of Appellate Procedure 33.1. *See Mulder v. State,* 707 S.W.2d 908, 914–15 (Tex. Crim.App.1986) (finding that the issue was not preserved because no motion to dismiss the cause for the want of a speedy trial was filed). Therefore, it was not preserved for review.

*Jury Charge*

Next, appellant argues that there was error in the jury charge which failed to limit the culpable mental state to the result of his conduct. That is, the charge improperly contained an abstract definition of intentional and knowing that included references to both a mens rea viz conduct and result. We overrule the issue.

The State concedes that the trial court erred in so including the abstract definition in its charge. However, no one complained. Furthermore, the wording in the application paragraph was accurately restricted to informing the jury that it could find the appellant guilty if it concluded that he intentionally or knowingly "cause[d] the death of ... Carlos Hernandez...." In other words, the paragraph tied the requisite mens rea to the result wrought by appellant's conduct, as opposed to his engaging in the conduct itself. Furthermore, appellant testified to shooting the victim (allegedly in self-defense), while other evidence revealed that he

pointed the firearm at the decedent's head before firing.

Given that 1) harm is seldom egregious, *see Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (requiring egregious harm when the defendant failed to object to an improper instruction) when the application paragraph instructs the jury (as it did here) that appellant may not be convicted of the crime unless he "intentionally or knowingly cause[d] the death of [the victim]," *Medina v. State,* 7 S.W.3d 633, 640 (Tex.Crim.App.1999), 2) the ample evidence of appellant's intent to stop the purported aggression of his victim, and 3) his actual pointing the gun at the victim's head, *see Gonzales v. State,* No. 07–10–0245–CR, 2011 WL 2792388, at *3, 2011 Tex.App. LEXIS 5474, at *7 (Tex.App.-Amarillo July 18, 2011, pet. ref'd) (not designated for publication) (indicating that the nature of one's conduct is important in assessing mens rea for murder), the harm prerequisite to reversal is not present here.[1]

Accordingly, the issues are overruled, and the judgment is affirmed.

### *On Motion for Rehearing*

BRIAN QUINN, Chief Justice.

■ Juan Daniel Cano contends, via a motion for rehearing, that we erred in concluding that he waived his complaint regarding the purported Sixth Amendment violation involving a speedy trial. Allegedly, the claim cannot be waived due to the holding in *State v. Munoz,* 991 S.W.2d 818 (Tex.Crim.App.1999). We liken the argument being urged as an attempt to graft

---

1. Incidentally, we do not ignore appellant's argument that the holding in *Chaney v. State,* 314 S.W.3d 561 (Tex.App.-Amarillo 2010, pet. ref'd) controls the situation at bar. While we did find that the mistake resulted in egregious harm there, it was because of the rather weak evidence of Chaney's guilt. He was wrestling

with another to retrieve his gun when it discharged, unlike appellant here who actually retrieved his own gun from his room, engaged in verbal sparring with the decedent, pointed the firearm at the decedent's head, and pulled the trigger.

avocados onto a pecan tree, disagree with it, and overrule the motion.

*State v. Munoz* dealt with whether the accused was denied his Sixth Amendment right to a speedy trial. *Id.* at 821. There, unlike here, the trial court was made aware of the complaint via a motion to dismiss the indictment. *State v. Munoz*, 960 S.W.2d 191, 195 (Tex.App.-Corpus Christi 1997), *rev'd*, 991 S.W.2d 818 (Tex. Crim.App.1999). There, unlike here, question arose regarding whether the accused even asked to be tried promptly; here, such a request was made. Furthermore, it was the dispute about the accused's alleged failure to ask for a prompt trial that gave rise to the passage in *Munoz* that appellant wants to apply here.

■ According to the Court of Criminal Appeals in *Munoz*, the failure to request a prompt trial is not dispositive of a speedy trial claim; rather, it is a factor to be considered when weighing the four Barker criteria used in assessing whether the accused was denied that Sixth Amendment right. *State v. Munoz*, 991 S.W.2d at 825. Given that a motion to dismiss based upon the purported denial of a speedy trial had been filed with the trial court there, the *Munoz* panel had no need to be concerned with one's compliance with Texas Rule of Appellate Procedure 33.1.[1] So, we have little basis to extend that opinion and its holding to the arena controlled by Rule 33.1.

Moreover, we question how an appellate court could adequately review a Sixth Amendment complaint like that at bar without it having been first presented to a trial court. As both the United States Supreme Court and our Court of Criminal Appeals require, the gathering of four different categories of information is needed to properly consider the complaint. *See Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101, 116–17 (1972) (describing the four categories as: (1) length of the delay, (2) reason for the delay, (3) assertion of the right, and (4) prejudice to the accused.); *State v. Munoz*, 991 S.W.2d at 821 (describing the same). One considering the nature of those categories cannot but realize that their content is evidentiary and fact intensive. It would truly be difficult to determine the reasons for and any prejudice arising from the delay without permitting the litigants to present evidence developing those topics. Yet, appellate courts are ill-equipped to conduct such evidentiary hearings.

Simply said, it is both logical and practical to require complaints involving the denial of one's right to a speedy trial to first be presented to and developed before a judicial body best able to handle evidentiary matters. That body is the trial court. *Munoz* does not suggest otherwise. Nor does any other authority cited by appellant obligate us to ignore the preservation requirements of Rule 33.1. Consequently, we opt not to graft into the latter a principle grown from and applicable to a different body of jurisprudence. *See Hucks v. State*, 348 S.W.3d 359, 363 (Tex.App.-Amarillo 2011, no pet.) (holding that a speedy trial claim cannot be considered for the first time on appeal); *Fuller v. State*, 224 S.W.3d 823, 826–27 (Tex.App.-Texarkana 2007, no pet.) (holding the same).

Accordingly, the motion for rehearing is denied.

---

1. Texas Rule of Appellate Procedure 33.1 requires a complainant to present his complaint to the trial court as a prerequisite to urging it on appeal. Tex.R.App.P. 33.1(a)(1).