**AFFIRM and MODIFY; Opinion issued January 14, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

## No. 05-11-01297-CR

---

## LARRY O'NEAL HALEY, Appellant

### V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F05-72800-Q**

---

## OPINION

Before Justices FitzGerald, Fillmore, and Richter[1]
Opinion By Justice Fillmore

The trial court found Larry O'Neal Haley guilty of aggravated sexual assault of a child.

Haley pleaded true to the enhancement paragraph in the indictment, and the trial court assessed

punishment of fifteen years' imprisonment. In two points of error, Haley argues (1) the trial court

erred by denying his motion to dismiss, and (2) the evidence is insufficient to show penetration and,

therefore, he should have been charged with indecency with a child. We modify the trial court's

judgment to reflect Haley pleaded not guilty to the offense and, as modified, affirm the trial court's

judgment.

---

[1] The Honorable Martin E. Richter, Retired Justice, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

## Background

On November 2, 2005, Haley was indicted for aggravated sexual assault of a child, enhanced by one prior conviction. Haley was arrested on December 6, 2005, and counsel was appointed to represent him. The case was set for trial on May 8, 2006, October 2, 2006, and March 5, 2007. At a pretrial hearing on March 1, 2007, the trial court denied Haley's request that a new attorney be appointed to represent him. Haley pleaded guilty, and the trial court assessed punishment of fifteen years' imprisonment.

Haley filed a motion for new trial, contending he received ineffective assistance of counsel. Trial counsel testified he reviewed the State's file and some documents provided by Haley relating to his mental health and substance abuse issues. However, due to statements made by Haley and because the child's statements appeared to have remained consistent, trial counsel performed no further investigation. On July 11, 2007, the trial court granted the motion for new trial, concluding trial counsel had performed no meaningful investigation.

The State appealed. On May 28, 2008, this Court affirmed the trial court's ruling. The State filed a petition for discretionary review with the Texas Court of Criminal Appeals, which was denied on October 1, 2008. The State then filed a writ of certiorari with the United States Supreme Court, which was denied on March 2, 2009.

On September 8, 2009, the trial court appointed new trial counsel to represent Haley and, on September 15, 2009, granted Haley's motion for the appointment of an investigator. On April 8, 2011, Haley filed a motion to dismiss, asserting his original trial counsel's failure to investigate the case had "resulted in a complete lack of useful material for counsel to use in defense of the charges, resulting in a constructive denial of counsel." Haley contended his new trial counsel had been unable to locate witnesses or evidence that could be used to either test the complainant's credibility or to

-2-

advance a defense. Haley complained:

> counsel cannot provide an effective defense in this case, or perhaps any defense at all, as he has no cross-examination material to test the credibility of the State's witnesses and has no evidence upon which to base a defense. To require Defendant to stand trial under these circumstances would constitute a Due Process violation, a denial of Defendant's right to effective assistance of counsel and even a constructive denial of Defendant's Sixth Amendment right to counsel.

Haley called Heather Sumrow Joplin, a private investigator assisting Haley, to testify at the hearing on the motion to dismiss. Joplin testified that Haley told her "Charlotte" and "Oscar" were at his house the night of the alleged offense. Haley did not know Charlotte's or Oscar's last name. He also did not know their address, but provided Joplin with the cross-streets close to their house. Joplin visited the area and questioned the neighbors, but could not locate either Charlotte or Oscar. In her effort to locate Charlotte or Oscar, Joplin also attempted to find Haley's former girlfriend, visited the Texas Department of Corrections to determine if any information was available in Haley's personal property, conducted internet and driver's license searches, and contacted the postal service. She also reviewed the State's and the trial court's files, but found no information on Charlotte or Oscar. In Joplin's opinion, she exhausted every possible avenue to find these witnesses. Joplin also unsuccessfully attempted to locate character witnesses for Haley.

The prosecutor stated she had never heard "that somebody else was supposed to be there." She indicated she would search her files and speak to the complainant about whether anyone else was present in the house at the time of the alleged offense. The trial court adjourned the hearing without ruling on the motion to dismiss.

The case was called to trial on May 6, 2011. The prosecutor informed the trial court that the complainant said no one else was in the house at the time of the alleged offense. Haley's attorney argued that Haley was being forced to trial without the ability to be represented because counsel was

–3–

unable to cross-examine the State's witnesses or call witnesses to testify on Haley's behalf. The trial court denied the motion to dismiss. Haley waived a jury and proceeded to trial before the court.

O.G. testified that, when she was ten years old, Haley was a family friend. O.G. and her mother, C.J., were at Haley's house, and O.G. saw a bubble bath set in the bathroom that she wanted. After O.G., C.J., and Haley returned to O.G.'s house, O.G. realized she had left the bubble bath set at Haley's house. Haley and O.G. returned to Haley's house to retrieve the set.

There was no one in the house when O.G. and Haley arrived. O.G. went to the bathroom off the bedroom in the back of the house to retrieve the bubble bath set. Haley followed O.G. and tried to kiss her. Haley placed O.G. on the bed, lifted her skirt, and took off her underwear. Haley then put his mouth on O.G.'s vagina and moved his mouth and tongue. When Haley was finished, he asked O.G. if she had enjoyed it. O.G. shook her head "no," and Haley told her that she was "not ready." Haley took O.G. to the store and then took her home.

When they arrived at O.G.'s house, C.J. was leaving. O.G. believed C.J. was walking to Haley's house because O.G. and Haley had been gone so long. C.J. and Haley went inside the house with O.G. O.G. immediately wrote in her journal that a man who "horast [sic] me tried to have sex with me."

Because Haley was still at her house, O.G. went to sleep without telling C.J. what happened. The next morning, O.G. gave the journal to her brother, J.G., and J.G. took it to C.J. C.J. asked O.G. whether the journal entry was true and what Haley had done. O.G. responded that he "licked" her "area." C.J. grabbed a bat and J.G. grabbed a hammer, and they all went to Haley's house. When Haley did not answer the door, C.J. called the police.

C.J. testified that she and Haley "used to get high together," and she thought she could trust him to be around her children. According to C.J., Haley had a cologne set that she wanted. Haley

-4-

and O.G. were supposed to go to the store and then to Haley's house to get the set. They were gone a long time, and O.G. was not happy when she returned home.

The next morning J.G woke C.J. and told her that she needed to talk to O.G. C.J. testified O.G. told her that Haley "licked on her kitty cat" which, according to C.J., was O.G.'s "private part." C.J. and J.G. stormed out of the house because she was going "to kill him for doing what he did to my baby." Haley would not answer the door to his house, and C.J. called the police.

O.G. was taken to Children's Medical Center for a medical examination. O.G.'s medical records reflect that she told the examiner that an adult male friend of her mother's kissed her mouth with his tongue, licked her privates, and fondled her. At trial, O.G. stated "sex is penetration," and Haley "didn't have sex with me."

The trial court found Haley guilty of aggravated sexual assault of a child. Haley pleaded true to the enhancement paragraph in the indictment, and the trial court assessed punishment of fifteen years' imprisonment.

## Speedy Trial

In his first point of error, Haley asserts the trial court erred by denying the motion to dismiss because his rights to due process and a speedy trial were violated due to his inability to find crucial witnesses for his defense. Haley specifically complains he was unable to locate witnesses because (1) his original trial counsel failed to conduct any meaningful investigation, and (2) the State engaged in a protracted appeal of the granting of the motion for new trial.

Haley's brief focuses solely on his due process right to a speedy trial under the Sixth Amendment to the United States constitution. *See* U.S. CONST. amend. VI;[2] *Barker v. Wingo*, 407

---

[2] The Sixth Amendment provides:

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and

U.S. 514, 515 (1972); *Klopfer v. North Carolina*, 386 U.S. 213, 222–23 (1967) (constitutional right to speedy trial applicable to States through Fourteenth Amendment). Generally, to preserve a complaint for appellate review, the complaining party must make a timely request, objection, or motion that states the grounds for the ruling sought with sufficient specificity to make the trial court aware of the complaint, and the trial court must rule on the request, objection, or motion. TEX. R. APP. P. 33.1(a). "Except for complaints involving systemic (or absolute) requirements, or rights that are waivable only . . . all other complaints, whether constitutional, statutory, or otherwise, are forfeited by failure to comply with Rule 33.1(a)." *Neal v. State*, 150 S.W.3d 169, 175 (Tex. Crim. App. 2004) (quoting *Mendez v. State*, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004)); *see also Aldrich v. State*, 104 S.W.3d 890, 895 (Tex. Crim. App. 2003) ("systemic" requirements generally concern laws affecting jurisdiction and whether penal statute is in compliance with Separation of Powers Section of state constitution and "waivable only" rights include right to effective assistance of counsel, right to jury trial, and right of appointed counsel to have ten days of trial preparation) (citing *Marin v. State*, 851 S.W.2d 275, 279–80 (Tex. Crim. App. 1993)). A defendant fails to preserve a speedy trial claim for appellate review when he does not raise this claim before the trial court and, instead, raises the argument for the first time on appeal. *Mulder v. State*, 707 S.W.2d 908, 915 (Tex. Crim. App. 1986); *see also Dunn v. State*, 819 S.W.2d 510, 526 (Tex. Crim. App. 1991) (holding that because defendant raised statutory speedy trial claim before trial court, but not constitutional speedy trial claim, and speedy trial statute was subsequently declared unconstitutional, defendant's constitutional speedy trial claim was not preserved for appellate review); *Henson v.*

district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. CONST. amend. VI.

*State*, No. 01-11-00225-CR, 2012 WL 3042303, at *6–8 (Tex. App.—Houston [1st Dist.] July 26, 2012, pet. filed); *Cano v. State*, 369 S.W.3d 532, 534 (Tex. App.—Amarillo, 2012, pet. ref'd) (op. on reh'g).[3]

Haley's motion to dismiss was premised solely on his inability to present a defense or to receive effective assistance of counsel due to his original trial counsel's failure to properly investigate the case and locate witnesses, issues not rooted in Haley's right to a speedy trial. *See* U.S. CONST. amend VI (establishing right to assistance of counsel); *Barker*, 407 U.S. at 519 ("The right to a speedy trial is generically different from any of the other rights enshrined in the Constitution for the protection of the accused."); *Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009) ("A defendant's constitutional right to a meaningful opportunity to present a complete defense is rooted in the Fourteenth Amendment's Due Process Clause and the Sixth Amendment's Compulsory Process and Confrontation Clauses."). Haley did not request the case be dismissed because he failed to receive a speedy trial, did not present evidence on a number of the factors applicable to a speedy trial claim,[4] and did not argue in the trial court that he failed to receive a speedy trial. Because Haley failed to present his speedy trial claim to the trial court, he has failed to preserve it for our review. We resolve Haley's first point of error against him.

### *In Pari Materia*

In his second point of error, Haley argues the evidence is insufficient to support the

---

[3] *See also Wright v. State*, No. 05-09-01527-CR, 2011 WL 5178298, at *1 (Tex. App.—Dallas Nov. 2, 2011, no pet.) (not designated for publication) (although defendant's motion for examining trial sought determination of whether there was probable cause to imprison defendant and whether bail was excessive, it did not raise speedy trial complaint and, therefore, did not preserve complaint for appellate review).

[4] *See Barker*, 407 U.S. at 530–33 (factors to be considered in evaluating a speedy trial claim include (1) length of delay, (2) reason for delay, (3) assertion of right, and (4) prejudice to accused); *Henson*, 2012 WL 3042303, at *7 (noting last three *Barker* factors "cannot be meaningfully developed and properly evaluated on appeal without a hearing in the trial court"); *Cano*, 369 S.W.3d at 534 (because content of *Barker* factors is "evidentiary and fact intensive," it is "logical and practical" to require speedy trial claim be first presented to trial court); *Grimaldo v. State*, 130 S.W.3d 450, 454 (Tex. App.—Corpus Christi 2004, no pet.) (although defendant raised speedy trial issue in trial court, claim was not preserved for appeal because defendant failed to obtain evidentiary record from which appellate court could apply, analyze, and balance *Barker* factors).

-7-

conviction for aggravated sexual assault of a child because the evidence established only contact between Haley's mouth and O.G.'s vagina and did not establish penetration. Haley contends he should have been prosecuted for indecency with a child under section 21.11 of the penal code,[5] rather than for aggravated sexual assault of a child under section 22.021 of the penal code.[6] Haley asserts the two statutes are *in pari materia*, and he had a right to be prosecuted under the narrower statute.

Statutes that deal with the same general subject, have the same general purpose, or relate to the same person, thing, or class of persons or things are considered to be *in pari materia* even if they contain no reference to each other or were passed at different times or in different sessions of the legislature. *Azeez v. State*, 248 S.W.3d 182, 191 (Tex. Crim. App. 2008) (citing *Cheney v. State*, 755 S.W.2d 123, 126 (Tex. Crim. App. 1988)); *see also* TEX. GOV'T CODE ANN. § 311.026 (West 2005). The two statutes must have been enacted with the same purpose in mind for the doctrine to apply. *Burke v. State*, 28 S.W.3d 545, 547 (Tex. Crim App. 2000). However, two statutes are not *in pari materia* simply because they "might, in some situations, apply to the same conduct." *Lomax v. State*, 233 S.W.3d 302, 312 (Tex. Crim. App. 2007).

When a general statute and a specific statute are *in pari materia* and irreconcilably conflict, due process and due course of law dictate that the defendant be prosecuted under the specific statute. *Azeez*, 248 S.W.3d at 192; *Mills v. State*, 722 S.W.2d 411, 414 (Tex. Crim. App. 1986). However, this right may be waived if not timely raised in the trial court. *See Azeez*, 248 S.W.3d at 193.

Haley did not request any relief from the trial court either through a motion to quash the

---

[5] As relevant to this case, a person commits the offense of indecency with a child by engaging in sexual contact with a child younger than seventeen years of age. TEX. PENAL CODE ANN. § 21.11(a) (West 2011). "Sexual contact" includes touching by a person of the genitals of a child with intent to arouse or gratify the sexual desire of any person. *Id.* § 21.11(c)(1).

[6] As charged in this case, a person commits the offense of aggravated sexual assault by causing the sexual organ of a child under the age of fourteen to contact or penetrate the mouth of the person. TEX. PENAL CODE ANN. § 21.021(a)(1)(B)(iii), (a)(2)(B) (West Supp. 2012.)

-8-

indictment or a motion for new trial on the ground that sections 21.11 and 22.011 are *in pari materia* and he should have been charged under section 21.11 *See id.* at 193 (*in pari materia* argument can be preserved through motion to quash, if error is apparent on face of charging instrument, or through motion for directed verdict or motion for new trial). Accordingly, Haley has waived any claim on appeal that the statutes were *in pari materia* and he was charged under the wrong statute. *See* TEX. R. APP. P. 33.1(a)(1). We resolve Haley's second point of error against him.

## Reformation of Judgment

We note that the trial court's judgment recites Haley pleaded guilty to the charge in the indictment. The record, however, shows Haley pleaded not guilty to committing the offense. On our own motion, we modify the judgment to show appellant pleaded not guilty to the offense. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

As modified, we affirm the trial court's judgment.

ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

111297F.U05

-9-



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

LARRY O'NEAL HALEY, Appellant

No. 05-11-01297-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 204th Judicial District Court of Dallas County, Texas. (Tr.Ct.No. F05-72800-Q).
Opinion delivered by Justice Fillmore, Justices FitzGerald and Richter participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The section entitled "Plea to Offense" is modified to show "Not Guilty."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered January 14, 2013.

ROBERT M. FILLMORE
JUSTICE