

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00435-CR

---

**JAMES ROBERT HERNANDEZ, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

---

On Appeal from the 181st District Court
Potter County, Texas
Trial Court No. 080518-B-CR, Honorable Titiana D. Frausto, Presiding

---

August 22, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

A jury convicted Appellant, James Robert Hernandez, of continuous sexual abuse of a child under age fourteen[1] and assessed punishment at confinement in prison for thirty years. It did not assess a fine. Appellant brings seven issues on appeal. We overrule each of Appellant's issues and affirm the judgment of the trial court.

---

[1] TEX. PENAL CODE ANN. § 21.02(b).

**Background**

Because Appellant does not challenge the sufficiency of evidence supporting his conviction, we provide only the factual background necessary for disposition of the issues on appeal. On May 3, 2021, a Potter County grand jury indicted Appellant for the convicting offense. The indictment alleged that between January 1, 2020, and February 10, 2021, Appellant committed various specified acts of sexual abuse against G.S. and Z.G., both younger than age fourteen.[2]

**Analysis**

First Issue: Speedy Trial

By his first issue, Appellant argues the trial court violated his right to a speedy trial as guaranteed by the United States and Texas Constitutions.

On June 23, 2022, Appellant's counsel filed a motion for speedy trial, alleging continuous incarceration since February 21, 2021. The motion, filed thirteen months after Appellant's May 2021 indictment and fifteen months after his arrest, lacked legal analysis. The record does not show that the motion was presented to the trial court or that a hearing was requested. When the case was initially set for trial on September 11, 2023, the State requested a continuance, and Appellant's counsel filed a "Notice of Schedule Conflict," citing a conflicting trial in Randall County.

---

[2] To protect the children's identities, we use their initials. *See* TEX. R. APP. P. 9.10(a)(3).

Trial was rescheduled for October 9, 2023. Three days before trial, the State again moved for continuance. Appellant objected and filed a motion to dismiss, arguing in part, "In the Alternative, if the State refuses to engage in jury selection on October 9, 2023, or if it persists in its motion for continuance, the Defense moves for dismissal due to a denial of Defendant's right to a speedy trial." At a non-evidentiary hearing on the State's motion for continuance, the trial court granted the State's motion and signed an order to that effect. The court did not rule on Appellant's motion to dismiss or his June 2022 speedy trial motion. Ultimately, Appellant's trial began on November 13, 2023.

The Sixth Amendment to the United States Constitution and Article I, § 10 of the Texas Constitution guarantee the right to a speedy trial. *Zamorano v. State,* 84 S.W.3d 643, 647 (Tex. Crim. App. 2002). This right attaches once a person is arrested or charged. *Cantu v. State,* 253 S.W.3d 273, 281 (Tex. Crim. App. 2008). Courts analyze speedy-trial claims using the factors enunciated in *Barker v. Wingo*:[3] (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of the right; and (4) the prejudice inflicted on the defendant by the delay. *See id.*; *Cantu,* 253 S.W.3d at 281.[4]

A speedy-trial claim must be preserved for appellate review. *Henson v. State*, 407 S.W.3d 764, 768 (Tex. Crim. App. 2013). This requires presenting the motion to the trial court and obtaining an adverse ruling. TEX. R. APP. P. 33.1(a). The preservation requirement is logical, as at least two *Barker* factors—reason for delay and prejudice to

---

[3] 407 U.S. 514, 530, 92 S. Ct. 2182, 33 L. Ed.2d 101 (1972).

[4] The Court of Criminal Appeals has traditionally analyzed claims of the denial of the Texas speedy trial right under the *Barker* factors. *Zamorano,* 84 S.W.3d at 648.

the accused—are fact-specific inquiries that may not be apparent from the trial record. *Henson*, 407 S.W.3d at 769; *Cano v. State,* 369 S.W.3d 532, 534 (Tex. App.—Amarillo 2012, pet. ref'd) (op. on reh'g).

Here, the record shows no hearing on Appellant's speedy trial motion or motion to dismiss, nor any ruling by the trial court. Without a hearing record, evidence, or fact finding, our attempt at a *Barker* analysis would be speculative. We agree with the State that Appellant forfeited review of his speedy trial complaint. Appellant's first issue is overruled.

Second and Third Issues: Newspaper Article Commemorating Judge's Appointment

By his second and third issues, Appellant contends that a framed newspaper article in the jury room violated his right to a fair trial under the United States and Texas Constitutions and constituted an outside influence in violation of article 36.22 of the Code of Criminal Procedure. The October 3, 2020, article, headlined "181st court's first African American, female judge sworn in," detailed the current district judge's background, appointment, and judicial philosophy. It included quotes praising the judge's qualifications and her commitment to serving ethically and impartially. The article concludes with the judge's expressed intention for fulfilling her duties:

> It is my pleasure to serve the citizens of Potter and Randall County. I don't take that lightly. I will take all seriousness in doing my job ethically and fulfilling the laws of this great state and applying it to any case that comes before me. I hope the residents of this community see that in my rulings and see that how I conduct myself on the bench.

4

On the first day of trial, Appellant moved to remove the article from the jury room. The court denied the motion, finding the article contained no information about Appellant or his case. Later that day, with leave of the trial court, Appellant filed a petition for writ of mandamus with this Court seeking "to remove political and other material from the jury room." The petition was denied via a per curiam opinion. *In re Hernandez,* No. 07-23-00425-CR, 2023 Tex. App. LEXIS 8583 (Tex. App.—Amarillo Nov. 14, 2023, orig. proceeding) (per curiam) (mem. op., not designated for publication).

Due process requires a neutral and detached hearing body or officer. *Brumit v. State,* 206 S.W.3d 639, 645 (Tex. Crim. App. 2006). Absent a clear showing of bias, a trial court's actions are presumed correct. *Id*.

Appellant's fair trial claim hinges on the article's content, but he presented no evidence of judicial bias or of the judge's connection to parties or subject matter in this case. The article merely provided information about the judge's background and qualifications, along with her commitment to ethical and impartial adjudication. It did not suggest any predisposition toward particular cases or litigants. Appellant has failed to make the clear showing of bias required to overcome the presumption of the correctness in denying the motion.

As for alleged outside influence article 36.22 of the Code of Criminal Procedure provides: "No person shall be permitted to be with a jury while it is deliberating. No person shall be permitted to converse with a juror about the case on trial except in the presence and by the permission of the court." TEX. CODE CRIM PROC. ANN. art. 36.22. Its primary

5

goal is to insulate jurors from outside influence. *Becerra v. State,* 685 S.W.3d 120, 135 (Tex. Crim. App. 2024). While the article portrayed the judge favorably, it did not discuss Appellant's case or any matter relevant to it. The judge, as noted in her ruling, is neither a witness nor an adversary. Moreover, the jury was instructed that "[n]othing the judge has said or done in this case should be considered by you as an opinion about the facts of this case or influence you to vote one way or the other."

A rebuttable presumption of harm arises if jurors converse with an unauthorized person about the case on trial. *Barnett v. State,* 420 S.W.3d 188, 193 (Tex. App.—Amarillo 2013, no pet.). However, Appellant bears the initial burden of showing that such a conversation occurred. *Chambliss v. State*, 647 S.W.2d 257, 265–66 (Tex. Crim. App.1983). Here, Appellant has not demonstrated that the article's presence in the jury room constituted a "conversation" about his specific case, as required by article 36.22. *See id.; Barnett,* 420 S.W.3d at 193. Because Appellant has not shown any juror conversed with an unauthorized person about his case, no presumption of harm arose, and the article's presence did not violate article 36.22. We overrule Appellant's second and third issues.

Fourth and Six Issues: Defective Indictment and Unconstitutional Statute

In his fourth issue, Appellant argues the indictment was unconstitutionally defective for failing to provide notice of the particular offense the State intended to rely on for prosecution. His sixth issue contends that Penal Code section 21.02 is unconstitutional

6

because it violates due process by permitting convictions without jury unanimity regarding specific acts of child abuse.

The State argues Appellant waived these complaints. We agree. Code of Criminal Procedure article 1.14(b) provides that a defendant "waives and forfeits" the right to object to defects in an indictment if he fails to object before trial commences. TEX. CODE CRIM. PROC. ANN. art. 1.14(b). Moreover, both facial and as-applied constitutional challenges must be preserved for review. *Karenev v. State,* 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) (facial challenges); *Reynolds v. State,* 423 S.W.3d 377, 383 (Tex. Crim. App. 2014) (as-applied challenges). A sister court has held that this preservation requirement specifically applies to constitutional challenges under section 21.02. *Ortiz v. State,* No. 13-22-00612-CR, 2024 Tex. App. LEXIS 2367 (Tex. App.—Corpus Christi Apr. 4, 2024, pet. ref'd) (mem, op., not designated for publication).

The record does not indicate that Appellant objected to the indictment's alleged defect before trial or raised a constitutional challenge to section 21.02 in the trial court. By failing to do so, Appellant has forfeited his right to raise these issues on appeal. Appellant's fourth and sixth issues are overruled.

Fifth Issue: Failure to Require State's Election

Appellant argues the trial court reversibly erred by not requiring the State to elect a single victim who was continuously sexually abused per the indictment. He concedes he did not raise this complaint in the trial court. We note two additional deficiencies in Appellant's complaint: (1) His brief fails to specify how the trial court erred; and (2) he

does not present a harm analysis under the egregious harm standard required for unpreserved charge error.  *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g); TEX. R. APP. P. 38.1(i).

Notwithstanding these deficiencies, we find the trial court did not commit charge error as alleged by Appellant.  The Court of Criminal Appeals has held that an election is not required under a charge of continuous sexual abuse of a child under the age of fourteen.  *Carbajal v. State,* 659 S.W.3d 164, 187 (Tex. App.—El Paso 2022, pet. ref'd) (citing *Price v. State,* 434 S.W.3d 601, 609 (Tex. Crim. App. 2014)).  Moreover, Penal Code section 21.02 explicitly provides that the offense of continuous sexual abuse may occur "regardless of whether the acts of sexual abuse are committed against one or more victims."  TEX. PENAL CODE ANN. § 21.02(b)(1).  Appellant's contention that the charge was unconstitutionally defective for not requiring the State to elect a single victim directly conflicts with the statute's text.  Appellant's fifth issue is overruled.

Seventh Issue: Fine and Costs

In his final issue, Appellant argues the trial court erred by imposing a fine and court costs without conducting an ability-to-pay hearing on the record.  Code of Criminal Procedure article 42.15(a-1) requires a court to inquire on the record whether a defendant has sufficient resources or income to pay fines and costs.  If the defendant lacks sufficient resources, the trial court must determine whether these can be paid later, discharged through community service, waived, or addressed through some combination of methods.  TEX. CODE CRIM. PROC. ANN. art. 42.15(a-1).

Here, the judgment's "Article 42.15" Addendum states:

> The defendant does not presently have sufficient resources or income to immediately pay all or part of the fine and costs but will, in the future, have the ability to pay the fine and costs at a later date or at designated intervals. . . .

It also orders payment upon release or parole, and instructs Appellant to appear before the court or clerk and make payment arrangements to pay the fine and costs if Appellant is unable to pay them upon release from confinement.

While the appellate record does not show an explicit on-the-record inquiry into Appellant's ability to pay, this Court has addressed similar situations in recent cases. *See Read v. State*, No. 07-23-00388-CR, 2024 Tex. App. LEXIS 5811, at *13 (Tex. App.—Amarillo Aug. 14, 2024, no pet. h.) (citing cases and explaining the basis for the Court's analysis). In *Read*, we held that when a trial court finds the defendant lacks present ability to pay fines and costs, even without an on-the-record inquiry, "it is evident from the finding that the trial court determined that Appellant did not have sufficient resources or income to do so." *Read,* 2024 Tex. App. LEXIS 5811, at *14–15 (cleaned up).

Applying our analysis in *Read* and the cases it cites, we conclude the trial court's findings and order demonstrate compliance with article 42.15(a-1), despite the lack of an explicit on-record inquiry. The court clearly considered Appellant's current inability to pay and made provisions for future payment. Therefore, we find no abuse of discretion. Appellant's seventh issue is overruled.

## Conclusion

Having overruled each of Appellant's issues, we affirm the judgment of the trial court.

Lawrence M. Doss
Justice

Do not publish.